UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
Civil Action No.: _____

**WHITNEY MILLER**                                                                                          **PLAINTIFF**


**VS.**                                            **COMPLAINT**


**CORRECTCARE-INTEGRATED HEALTH, INC.,**
**a Kentucky corporation**                                                                  **DEFENDANT**

*Serve*:
**Registered Agent:  Arthur A. Hellebusch, II**
**366 South Broadway**
**Lexington, Kentucky 40508**

* * * * * * * * * *

Plaintiff, by counsel, makes the following federal Complaint:

### JURISDICTION AND VENUE:

1. Jurisdiction is proper.

2. Venue is proper.

3. Actions, as set forth in this Complaint, arise under the federal Family and Medical Leave Act, codified at 29 U.S.C. ξ 2601 et. seq. and the Kentucky Civil Rights Act, codified at 344.010, et. seq.

4. Plaintiff is a resident of Clark County, Kentucky.

5. Defendant is a Kentucky corporation whose principal place of business is

on or about 366 South Broadway, Lexington, Kentucky 40508.

6. Unlawful acts occurred in Fayette County, Kentucky and serve as a basis for Counts contained in Plaintiff's Complaint.

**FACTUAL OVERVIEW:**

7. This entire "Factual Overview" and document is incorporated into each and every provision, part, and Count of this document by reference as if the same were fully stated therein.

8. Plaintiff was an "eligible employee" (entitled to FMLA leave) as that term is defined under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including 29 U.S.C. ξ2611.

9. Plaintiff was an "eligible employee" (covered under the KCRA) as that term is defined under the Kentucky Civil Right, K.R.S. 344.010, et. seq., including K.R.S. 344.030.

10. Defendant was and is an "employer" (obligated to extend FMLA leave) under the Family and Medical Leave Act, 29 U.S.C. ξ2601 et. seq., including 29 U.S.C. ξ2611.

11. Defendant was and is an "employer" (covered under the KCRA) as that term is defined under the Kentucky Civil Rights Act, K.R.S. 344.010, et. seq., including K.R.S. 344.030.

12. Throughout Plaintiff's employment, Plaintiff was an excellent employee.

13. Throughout Plaintiff's employment, Plaintiff was a dedicated employee.

14. Throughout Plaintiff's employment, Plaintiff's job performance was of

sufficient quality as to merit continued employment.

15. Throughout Plaintiff's employment, Plaintiff fulfilled her duties and responsibilities as an employee.

-----------

16. <u>2007</u>: On or about December, 2007, and/or otherwise in 2007 wherein Plaintiff was eligible for coverage under the FMLA, Defendant effectively denied Plaintiff FMLA leave, said leave which was FMLA-protected, to care for Plaintiff's child who had a serious health condition.

17. Said FMLA leave should have been extended to Plaintiff as designated FMLA leave without reprisal, intimidation, or other retaliatory action by Defendant.

18. Defendant retaliated against Plaintiff for her request for leave, said leave which was FMLA- protected, to care for Plaintiff's child who had a serious health condition.

19. Defendant took materially adverse employment action against Plaintiff, because of Plaintiff's request and/or takings of leave - said requests and/or takings of leave which were FMLA-protected - including issuing Plaintiff an employment reprimand (or reprimands) in 2007 for said FMLA-protected activity.

20. Said material adverse employment action taken against Plaintiff by Defendant was causally connected to Plaintiff's requests and/or takings of leave, said leave which was FMLA-protected.

21. Defendant's illegal conduct affected the terms and conditions of Plaintiff's employment.

22. <u>On or about September and/or November, 2008</u>: On or about September

and/or November, 2008, Defendant retaliated against Plaintiff by using said reprimands issued in 2007, set forth hereinabove, against Plaintiff, as essentially newly issued reprimands by Defendant for Plaintiff's 2007 conduct set forth hereinabove, Defendant scolding and declaring in the workplace that Plaintiff had attendance issues.

23. Said re-issuance of the reprimands to Plaintiff, for Plaintiff's 2007 FMLA-protected conduct, constituted material adverse employment action taken against Plaintiff by Defendant.

24. Said material adverse employment action taken against Plaintiff by Defendant was causally connected to Plaintiff's requests and/or takings of leave, said leave which was FMLA-protected.

25. Defendant's illegal conduct affected the terms and conditions of Plaintiff's employment.

26. <u>On or about November, 2008</u>:  On or about November, 2008, Defendant retaliated against Plaintiff by effectively reprimanding Plaintiff because she had requested and/or took FMLA leave in 2008, scolding and declaring in the workplace that Plaintiff had attendance issues.

27. Defendant's illegal conduct affected the terms and conditions of Plaintiff's employment.

28. <u>On or about December, 2008</u>:  On or about December, 2008, Defendant retaliated against Plaintiff by wrongfully firing Plaintiff for her 2007 and/or 2008 protected conduct of requesting and/or taking leave, said leave which was FMLA-protected, Defendant using said protected activity as a but-for or causative role, factor, and/or decision in firing Plaintiff.

29. There was a causal connection between Defendant's adverse employment actions taken against Plaintiff and Plaintiff's requests and/or takings of leave, which were FMLA-protected.

30. <u>2008 Request for Accommodation</u>: On or about December, 2008, Plaintiff requested an accommodation for leave for what Plaintiff, in good faith, perceived to be a disability due to her serious kidney and other body medical condition.

31. Defendant retaliated against Plaintiff under the Kentucky Civil Rights Act (KCEA) because of her request for accommodation, subjecting Plaintiff to retaliatory treatment and including firing Plaintiff and which constitute adverse employment action which had a nexus to Plaintiff's protected KCRA activity.

32. Plaintiff's request for disability accommodation, protected under the KCRA, was also a causative factor in Plaintiff's decision to fire Plaintiff on or about December, 2008.

33. This concise factual background is incorporated into each and every Count below by reference.

**STATEMENT OF COUNTS**

**COUNT #1:** **Interference with Rights under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including specifically 29 U.S.C. ξ2615**

34. Defendant interfered with Plaintiff's right to FMLA leave by not extending Plaintiff legally entitled-to leave under the Family and Medical Leave Act in 2007, said leave which should have been extended to Plaintiff as designated FMLA leave without reprisal, intimidation, or other retaliatory action by Defendant.

Page 5 of 7

35. Defendant's conduct constitutes unlawful interference with leave rights under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. set., including 29 U.S.C. ξ2615.

### COUNT #2: Retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ2601, et. seq., including specifically 29 U.S.C. ξ2615

36. Defendant's conduct constitutes unlawful intentional retaliation under the Family and Medical Leave Act, 29 U.S.C. ξ 2601, et. set., and including 29 U.S.C. ξ2615.

37. Plaintiff engaged in statutorily protected conduct of requesting and taking leave, said leave which was FMLA-protected, and under the Family and Medical Leave Act, 29 U.S.C. ξ 2601 et. seq.

38. Defendant retaliated against Plaintiff by causing Plaintiff the following adverse employment actions because Plaintiff asked for FMLA leave: (a) issuing reprimands and (b) firing Plaintiff.

39. There was a causal connection between said adverse employment actions taken and Plaintiff's engagement of the statutorily protected conduct.

### COUNT #3: Retaliation under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq.

40. Defendant retaliated against Plaintiff because Plaintiff requested accommodation under the Kentucky Civil Rights Act, K.R.S. 344.010 et. seq. on the basis of good-faith belief of disability involving Plaintiff's medical condition, including K.R.S. 344.040, namely firing Plaintiff.

41. There was a causal connection between said adverse employment action taken against Plaintiff by Defendant and Plaintiff's engagement of the statutorily protected conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

1. For a TRIAL BY JURY;
2. For damages, including, but not limited to, compensatory damages for humiliation, embarrassment, pain and suffering, and emotional distress;
3. For actual damages, including, but not limited to, back pay and benefits lost, as well as injunctive relief, as well as for double-liquidated damages under the FMLA;
4. For Plaintiff's attorney fees and other costs related to this action; and
5. For any and all other relief to which Plaintiff is entitled.

/s/ Leslie Dean
**Leslie Dean, Attorney at Law, PSC**
**One Eagle View Plaza**
**3288 Eagle View Lane, Suite 300**
**Lexington, Kentucky 40509**
**Telephone:  (859) 296-4575**
**Facsimile:  (859) 296-4577**
**Email: ldean@LeslieDean.com**
*ATTORNEY FOR PLAINTIFF*